**07 CIV 8596**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE ROBINSON

| | |
|---|---|
| TERRY PENTON<br>49 Laffin Lane<br>Poughkeepsie, NY 12603 : | **CIVIL ACTION** |
| Plaintiff, : | |
| v. : | **CASE NO.:** |
| OUTBACK STEAKHOUSE, INC.<br>2202 N. West Shore Blvd., Ste. 500<br>Tampa, FL 33607 : | **JURY TRIAL DEMANDED** |
| and : | |
| OSI RESTAURANT PARTNERS, INC.<br>2202 N. West Shore Blvd., Ste. 500<br>Tampa, FL 33607 : | |
| Defendants. : | |



## CIVIL ACTION COMPLAINT

Plaintiff, Terry Penton, (hereinafter, referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Plaintiff for violations of Title VII of the Civil Rights Act of 1964 and the New York Human Rights Law, Executive Law. Plaintiff alleges that she was subjected to unlawful sexual harassment at her job and was terminated in retaliation for complaining about said sexual harassment. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Southern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. EXHAUSTION OF REMEDIES

5. Plaintiff has exhausted the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964. In particular:

(a) Plaintiff filed timely written charges of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

(b) The EEOC issued a notice that it was dismissing Plaintiff's EEOC charge(s) and issued a Right-to-Sue letter; and

(c) Plaintiff has filed the instant action within ninety (90) days of receiving the aforesaid Right-To-Sue letter and notice of dismissal.

## IV. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth above.

8. Defendant Outback Steakhouse, Inc. is a Florida Corporation at the address as set forth above and is an international dining restaurant with various locations, including White Plains, New York.

9. Defendant OSI Restaurant Partners, Inc. is a Florida Corporation at the address as set forth above and is the parent company of Defendant Outback Steakhouse, Inc. which develops and operates dining restaurants.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## V. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was employed with Defendants as a manager trainee in Defendants' White Plains, New York location.

13. During her employment with Defendants, Plaintiff was sexually harassed by several of employees at Defendants' restaurant located in While Plains, New York.

14. Several of Defendants' employees made derogatory comments to Plaintiff and attempted to touch her in an inappropriate manner.

15. As a result of Defendants' inappropriate sexual behavior, Plaintiff complained to

Defendants' managing partner and she was told to "get used to it."

16.  Plaintiff also complained about the sexual harassment to Defendants' vice-president, but he failed to take any action to remedy the situation.

17.  Despite Plaintiff's complaints, the sexual harassed continued.

18.  After Plaintiff's two complaints, she was cornered in a walk-in cooler by one of an Defendants' employees who proceeded to attempt to touch her breasts and legs.

19.  As a result of this incident, Plaintiff complained to Defendants' managing partner who informed Plaintiff that her experience was "the real world" and that she would "just have to deal with it."

20.  Two (2) days after Plaintiff complained about being sexually harassed in the walk in cooler, she was transferred to a restaurant in Danbury, Connecticut, with no reason provided for the transfer- Plaintiff believes the transfer for retaliatory in nature.

21.  When Plaintiff arrive at the Danbury restaurant, she was again subjected to sexual harassment.

22.  Plaintiff complained of the sexual harassment to Defendants' managing partner.

23.  Shortly after Plaintiff complained of sexual harassment, she was terminated.

24.  Plaintiff was informed that the reason for her termination was that she was not sociable enough.

25.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered lost earnings, humiliation, emotional distress, and other damages.

26.  Plaintiff's termination was in retaliation for making several complaint of sexual harassment.

**First Cause of Action**
**<u>Violation of Title VII of the Civil Rights Act of 1964</u>**
**(Sexual Harassment- Hostile Work Environment)**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was repeatedly subjected to a pattern of pervasive and/or severe sexual harassment as set forth above.

29. Plaintiff was not given any assurances about her safety following complaints that she made to Defendants and Defendants failed to remedy the sexual harassment.

30. Any reasonably objective person would have felt that the work environment was hostile.

31. These actions as set forth herein constitute violations of Title VII of the Civil Rights Act of 1964.

**Second Cause of Action**
**<u>Violation of Title VII of the Civil Rights Act of 1964</u>**
**(Retaliation)**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. During her employment with Defendants, Plaintiff was subjected to inappropriate sexual comments, gestures and contacts.

34. As a result of the aforesaid harassment, Plaintiff complained to Defendants on numerous occasions.

35. Plaintiff believes and therefore alleges herein that Defendants retaliated against her because she engaged in protected activity by complaining about sexual harassment.

5

36.     These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964.

### Third Cause of Action
### Violation of New York Human Rights Law, Executive Law
### (Sexual Harassment-Hostile Work Environment)

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     These actions as aforesaid also constitute violations of the New York Human Rights Law.

### Fourth Cause of Action
### Violation of the New York Human Rights Law, Executive Law
### (Retaliation)

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     These actions as aforesaid also constitute violations of the New York Human Rights Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to be permanently enjoined from discriminating against and/or harassing Plaintiff on any basis forbidden by the aforesaid federal and state laws;

B.      Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

C.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority

(if applicable). Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

D. Plaintiff is to be awarded punitive damages only under the federal claims set forth herein in an amount believed by the trier of fact to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions, as permitted by applicable law;

F. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate.

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

H. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

I. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

KARPF, KARPF & VIRANT

*/s/ Adam C. Virant*
Adam C. Virant (AV 5429)
140 Broadway, 46th Floor
New York, NY 10005
(212) 929-6030

Dated: October 2, 2007