UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TERRY PENTON,                                  :    07 - CV - 8596 (SCR)
49 Laffin Lane                                 :
Poughkeepsie, NY 12603                         :
                          Plaintiff,    :
                                              :
   -against-                                 :
                                              :    **ANSWER OF DEFENDANT**
OSI RESTAURANT SERVICES, INC.                  :    **OS RESTAURANT**
2202 N. West Shore Blvd., Ste. 500             :    **SERVICES, INC.**
Tampa, FL 33607                                :
                                              :
                              Defendants.    :
-----------------------------------------------------------------x

      Defendant, OS RESTAURANT SERVICES, INC. ("OS Restaurant Services"), by its attorneys Lowenstein Sandler PC, answers the Complaint filed by Plaintiff, TERRY PENTON ("Penton"), and says as follows:

### I. INTRODUCTION

      1.     OS Restaurant Services denies any violation of the laws alleged in paragraph 1 of Penton's Complaint, that it engaged in any unlawful actions, and further denies any suggestion that it has subjected Penton to any harassment, violated any law, or caused any damage to Penton, except admits that Penton purports to allege a cause of action based upon the statutes alleged therein.

### II. JURISDICTION AND VENUE

      2.     OS Restaurant Services admits the allegations in paragraph 2 of Penton's Complaint.

21225/2
01/11/2008 4382419.3

3. OS Restaurant Services denies the allegations contained in paragraph 3 of Penton's Complaint, except admits that the United States District Court for the Southern District of New York has original subject matter jurisdiction over this action.

4. OS Restaurant Services denies the allegations contained in paragraph 4 of Penton's Complaint, except admits that venue is proper.

### III. EXHAUSTION OF REMEDIES

5. OS Restaurant Services admits the allegations in paragraphs 5(a) through 5(c) of Penton's Complaint with respect to any claims falling within the scope of Penton's charge of discrimination, except that OS Restaurant Services denies these allegations with respect to any claims brought by Penton that are not within the scope of her charge of discrimination.

### IV. PARTIES

6. OS Restaurant Services repeats its responses to paragraphs 1 through 5 of Penton's Complaint.

7. OS Restaurant Services admits that Penton is an adult, but is without knowledge sufficient to answer the remaining allegation contained in paragraph 7 of Penton's Complaint and therefore denies that allegation.

8. OS Restaurant Services admits it is a Florida corporation located at 2202 N. Westshore Boulevard, Suite 500, Tampa, Florida 33607, but denies the remaining allegations contained in paragraph 8 of Penton's Complaint.

9. OS Restaurant Services denies the allegations in paragraph 9 of Penton's Complaint.

## V. FACTUAL BACKGROUND

10. OS Restaurant Services repeats its responses to paragraphs 1 through 9 of Penton's Complaint.

11. OS Restaurant Services admits the allegations in paragraph 11 of Penton's Complaint.

12. OS Restaurant Services denies the allegations in paragraph 12 of Penton's Complaint.

13. OS Restaurant Services denies the allegations in paragraph 13 of Penton's Complaint.

14. OS Restaurant Services denies the allegations in paragraph 14 of Penton's Complaint.

15. OS Restaurant Services denies the allegations in paragraph 15 of Penton's Complaint.

16. OS Restaurant Services denies the allegations in paragraph 16 of Penton's Complaint.

17. OS Restaurant Services denies the allegations in paragraph 17 of Penton's Complaint.

18. OS Restaurant Services denies the allegations in paragraph 18 of Penton's Complaint.

19. OS Restaurant Services admits that Penton was assigned to the restaurant located in Danbury, Connecticut but denies the remaining allegations contained in paragraph 19 of Penton's Complaint. Penton was assigned to the Danbury Outback because she had completed

her training.

20. OS Restaurant Services denies the allegations in paragraph 20 of Penton's Complaint.

21. OS Restaurant Services denies the allegations in paragraph 21 of Penton's Complaint.

22. OS Restaurant Services admits that Penton was terminated but denies the remaining allegations contained in paragraph 22 of Penton's Complaint.

23. OS Restaurant Services denies the allegations in paragraph 23 of Penton's Complaint.

24. OS Restaurant Services denies the allegations in paragraph 24 of Penton's Complaint.

25. OS Restaurant Services denies the allegations in paragraph 25 of Penton's Complaint.

### First Cause of Action
### Violation of Title VII of the Civil Rights Act of 1964
(Sexual Harassment)

26. OS Restaurant Services repeats its responses to paragraphs 1 through 25 of Penton's Complaint.

27. OS Restaurant Services denies the allegations in paragraph 27 of Penton's Complaint.

28. OS Restaurant Services denies the allegations in paragraph 28 of Penton's Complaint.

29. OS Restaurant Services denies the allegations in paragraph 29 of Penton's

Complaint.

30.     OS Restaurant Services denies the allegations in paragraph 30 of Penton's Complaint.

## Second Cause of Action
### Violation of Title VII of the Civil Rights Act of 1964
(Retaliation)

31.     OS Restaurant Services repeats its responses to paragraphs 1 through 30 of Penton's Complaint. To the extent that paragraph 31 incorporates Penton's first cause of action within her second cause of action, it is improper and subject to dismissal.

32.     OS Restaurant Services denies the allegations in paragraph 32 of Penton's Complaint.

33.     OS Restaurant Services denies the allegations in paragraph 33 of Penton's Complaint.

34.     OS Restaurant Services denies the allegations in paragraph 34 of Penton's Complaint.

35.     OS Restaurant Services denies the allegations in paragraph 35 of Penton's Complaint.

## Third Cause of Action
### Violation of New York Human Rights Law, Executive Law
(Sexual Harassment-Hostile Work Environment)

36.     OS Restaurant Services repeats its responses to paragraphs 1 through 35 of Penton's Complaint. To the extent that paragraph 36 incorporates both Penton's first and second causes of action into her third cause of action, it is improper and subject to dismissal.

37.     OS Restaurant Services denies the allegations in paragraph 37 of Penton's

Complaint.

### Fourth Cause of Action
### Violation of the New York Human Rights Law, Executive Law
### (Retaliation)

38.   OS Restaurant Services repeats its responses to paragraphs 1 through 37 of Penton's Complaint. To the extent that paragraph 38 incorporates Penton's first, second, and third causes of action into her fourth cause of action, it is improper and subject to dismissal.

39.   OS Restaurant Services denies the allegations in paragraph 39 of Penton's Complaint.

40.   OS Restaurant Services denies that Penton is entitled to any of the relief requested in her prayer for relief.

### DEFENSES

### First Defense

41.   The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted.

### Second Defense

42.   To the extent that Penton has failed to mitigate her damages, she is not entitled to relief.

### Third Defense

43.   To the extent that Penton has failed to exhaust available administrative remedies, she is not entitled to relief.

### Fourth Defense

44. To the extent that Penton has failed to satisfy all conditions precedent to filing suit, she is not entitled to relief.

### Fifth Defense

45. To the extent, if any, that Penton complains about OS Restaurant Services' alleged conduct, about which Penton did not complain in her Charge, all or some of such claims for relief are barred, in whole or in part, as being beyond the scope of the Charge.

### Sixth Defense

46. To the extent, if any, that Penton complains about OS Restaurant Services' alleged conduct, about which Penton did not complain in her Charge, all or some of such claims for relief are barred, in whole or in part, because Penton failed to file timely an administrative charge of discrimination concerning such alleged conduct.

### Seventh Defense

47. OS Restaurant Services should not be subject to liability for any damages, including punitive damages, as OS Restaurant Services has made good-faith efforts to prevent any discriminatory conduct by any of its employees and to promptly remedy any improper treatment of its employees.

### Eighth Defense

48. To the extent that Penton seeks damages not provided for by statute, she is not

entitled to relief.

### Ninth Defense

49. OS Restaurant Services should not be liable for any improper acts by its employees because it has taken steps in good faith to eliminate and prevent discrimination, yet Penton failed to take advantage of those opportunities to seek assistance.

### Tenth Defense

50. OS Restaurant Services states that Penton has acted with unclean hands and should therefore be barred from recovering equitable relief under the principles of equity.

### Eleventh Defense

51. Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitations.

### Twelfth Defense

52. Plaintiff's claims for damages are barred, in whole or in part, by the exclusive remedy provided under the New York Workers' Compensation Law.

### Thirteenth Defense

53. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

### Fourteenth Defense

54. OS Restaurant Services is presently without information concerning the availability and applicability of any other affirmative defenses in addition to those pled above, and reserves the right to amend its Answer to plead any such affirmative defenses or matters of

avoidance that may be revealed as discovery progresses or as such information otherwise becomes available.

WHEREFORE, OS Restaurant Services requests that the Court enter judgment in favor of OS Restaurant Services and award OS Restaurant Services the costs incurred in defending this action, including reasonable attorney's fees.

Dated: New York, New York
      January 11, 2008

**LOWENSTEIN SANDLER PC**

By: _____/s/_____
Alice B. Stock (AS-6935)
Attorneys for Defendant
OS Restaurant Services, Inc.
1251 Avenue of the Americas
New York, New York 10020
Tel: 646-414-6886
Fax: 973-422-6891
astock@lowenstein.com

TO:    Adam C. Virant, Esq.
        Karpf, Karpf & Virant
        Attorney for Plaintiff
        140 Broadway, 46th Floor
        New York, New York 10005
        (212) 929-6030

## ATTORNEY'S SERVICE AFFIRMATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK  )

      STEPHANIE L. ARANYOS, the undersigned attorney at law admitted to practice in the courts of the State of New York, hereby affirms: that she is over 18 years of age; is not a party to this action; and is a member of the law firm of Lowenstein Sandler PC, 1251 Avenue of the Americas, New York, New York 10020.

      That on January 11, 2008 she caused to be served the attached

### ANSWER OF DEFENDANT OS RESTAURANT SERVICES, INC.

upon the following attorneys at the address below designated by them for that purpose:

> Adam C. Virant, Esq.
> Karpf, Karpf & Virant
> Attorney for Plaintiff
> 140 Broadway, 46th Floor
> New York, New York 10005

      Said service was made via electronic case filing system. In addition, said service was made by depositing a true copy of the attached papers enclosed in a first-class postpaid sealed wrapper, properly addressed to the above-named attorneys, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

      STEPHANIE L. ARANYOS declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on January 11, 2008.

                                                    /s/
                                   STEPHANIE L. ARANYOS
                                       (SA-1657)

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 - CV - 8596 (SCR)

TERRY PENTON,
49 Laffin Lane
Poughkeepsie, NY 12603

           Plaintiff,

- against-

OS RESTAURANT SERVICES, INC.
2202 N. West Shore Blvd., Ste. 500
Tampa, FL 33607,

           Defendant.

---

**ANSWER OF DEFENDANT OS RESTAURANT SERVICES, INC.**

---

LOWENSTEIN SANDLER PC
*Attorneys at Law*

Attorneys for Defendant
OS Restaurant Services, Inc.

*1251 Avenue of the Americas*
*New York, New York  10020*
*Phone - 212.262.6700*
*Fax - 212.262.7402*

